UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
Luchiano Lewis and Luchiana Owens,

                           Plaintiffs,                  **MEMORANDUM & ORDER**
                                                                                          25-CV-01050 (DG) (CLP)

       -against-

NYC Police Department, *et al.*,

                           Defendants.
----------------------------------------------------------------X
DIANE GUJARATI, United States District Judge:

       Plaintiff Luchiano Lewis ("Plaintiff"), proceeding *pro se* and then incarcerated at Marcy Correctional Facility in Marcy, New York, filed this action pursuant to 42 U.S.C. § 1983 ("Section 1983") against Defendants NYC Police Department, Board of Corrections, Attorney General's Office, New York Post (newspaper), NYS Supreme Court, Crossroads Juvenile Center, ABC News, CBS, and Daily News in the United States District Court for the Western District of New York.  *See* Complaint ("Compl."), ECF No. 1.[1]  The action subsequently was transferred to the United States District Court for the Eastern District of New York.  *See* ECF Nos. 5, 6; *see generally* docket.

       Pending before the Court is Plaintiff's Motion for Leave to Proceed *in forma pauperis*. *See* ECF No. 2.[2]  The Court grants Plaintiff's request to proceed *in forma pauperis* and, for the

---

[1] Although the Complaint also lists Luchiana Owens as a Plaintiff, *see* Compl. at 1, 8, Luchiana Owens has not paid the filing fee or filed an application to proceed *in forma pauperis*.  *See generally* docket; *see also* ECF Nos. 3, 5.  Any claim intended to be brought on behalf of Luchiana Owens is dismissed without prejudice.

When citing to the Complaint, the Court uses the page numbers generated by the Court's electronic case filing system ("ECF").

[2] In light of Plaintiff's *pro se* status, the Court liberally construes Plaintiff's filings in this action. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

reasons set forth below, dismisses the Complaint in its entirety and grants Plaintiff leave to file an Amended Complaint by June 23, 2025.

## BACKGROUND

The Complaint brings two claims pursuant to Section 1983. *See* Compl. at 6-7. The First Claim is brought against Defendants NYC Police Department, Crossroads Juvenile Center, and Board of Corrections, based on "discrimination, due diligence, due process, failure to protect, deliberate indifference." *See* Compl. at 6.[3] The Second Claim is brought against Defendants ABC News, Daily News, and CBS, based on "discrimination, due process, failure to protect, deliberate indifference, hate crime." *See* Compl. at 7.[4]

Plaintiff alleges with respect to the First Claim:

They publicized a picture of me and my family without our consent. And with doing such action put my life in danger. And having knowledge of my age I should of never been put on t.v. at all. And under their jurisdiction they are to get documents signed by a guardian if the person is under 18 yrs old. And by saying statements of my case and speaking bad about me discriminating my life and endangering me. And it's to this day they are giving pictures and my case to news people and others without my family's consent at all.

*See* Compl. at 6.

Plaintiff alleges with respect to the Second Claim:

After I was convicted the news without my family's consent broadcasted on National media about my charges. And having knowledge of me being a minor and put me in jeopardy for my life and family. They completely humiliated me and refused to get any consents or any permissions to do such actions. And at no

---

[3] For ease of readability, when quoting from the Complaint, the Court has not in all instances retained the Complaint's original capitalization, punctuation, and/or spelling. Alterations are not material.

[4] Notwithstanding that Plaintiff names as Defendants Attorney General's Office, NYS Supreme Court, and New York Post (newspaper), *see* Compl. at 1-3, he does not reference these Defendants in connection with either the First Claim or the Second Claim, *see* Compl. at 6-7. The Court therefore does not construe the Complaint to be bringing either the First Claim or the Second Claim as against these Defendants.

2

    time did they ask for permission to use my identity.

*See* Compl. at 7.

    Plaintiff summarizes the relief requested as follows:

> I'm requesting that I be awarded $80 million due to slandering and wrongfully placing my picture everywhere without my consent. And I request that it be removed permanently. And my family gets compensated for discrimination.

*See* Compl. at 8.

## STANDARD OF REVIEW

    To survive dismissal for failure to state a claim, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ. of City Sch. Dist. of N.Y.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

    In reviewing a *pro se* complaint, a court must be mindful that the plaintiff's pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also, e.g.*, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that, "[e]ven after *Twombly*," courts "remain obligated to construe a *pro se* complaint liberally").

    The Prison Litigation Reform Act ("PLRA") requires a district court to screen civil complaints brought by a prisoner against a governmental entity or against an officer or employee of a governmental entity, *see* 28 U.S.C. § 1915A(a), and requires a district court to dismiss a plaintiff's complaint if it: "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief,"

*see* 28 U.S.C. § 1915A(b). The *in forma pauperis* statute requires courts to dismiss for the same reasons. *See* 28 U.S.C. § 1915(e)(2)(B); *see also Abbas v. Dixon*, 480 F.3d 636, 639-40 (2d Cir. 2007) (applying both § 1915A and § 1915(e)(2) to a prisoner's complaint in a case in which the prisoner proceeded *in forma pauperis*).

When conducting the review required by the PLRA and the *in forma pauperis* statute, a court must "accept all 'well-pleaded factual allegations' in the complaint as true." *See Lynch v. City of N.Y.*, 952 F.3d 67, 74-75 (2d Cir. 2020) (quoting *Iqbal*, 556 U.S. at 679); *see also Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003) (noting that a court must "accept all of the facts alleged in the complaint as true and draw all inferences in the plaintiff's favor" when reviewing a complaint pursuant to 28 U.S.C. § 1915A); *Leybinsky v. Iannacone*, No. 97-CV-05238, 2000 WL 863957, at *1 (E.D.N.Y. June 21, 2000) (noting that "[f]or purposes of considering a dismissal under 28 U.S.C. § 1915(e)(2), the allegations in the complaint must be taken as true"). "Even in a *pro se* case, however, although a court must accept as true all of the allegations contained in a complaint, that tenet is inapplicable to legal conclusions, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (quotation omitted).

## DISCUSSION

As set forth below, Plaintiff's Complaint, even liberally construed, fails to state a claim upon which relief may be granted and must therefore be dismissed in its entirety.

Section 1983 "provides 'a method for vindicating federal rights elsewhere conferred,' including under the Constitution." *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (quoting

*Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).[5] To sustain a claim brought under Section 1983, "[t]he conduct at issue 'must have been committed by a person acting under color of state law' and 'must have deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.'" *Id*. (quoting *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994)). "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (quotation omitted).

In certain limited circumstances, private individuals and entities can be considered to be acting under color of state law in the context of Section 1983. *See Fabrikant v. French*, 691 F.3d 193, 206-07 (2d Cir. 2012) (discussing tests courts use to identify state actions and state actors in the Section 1983 context and stating that "[t]he fundamental question under each test is whether the private entity's challenged actions are 'fairly attributable' to the state" (quoting *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982))). Here, however, Plaintiff has not, *inter alia*, plausibly alleged that Defendants ABC News, Daily News, and CBS acted under color of state law – he has not plausibly alleged that their actions are fairly attributable to the state. *See generally* Compl.; *see also Salis v. Dopico*, No. 23-CV-01816, 2024 WL 1282476, at *6 (E.D.N.Y. Mar. 26, 2024) (noting that "it is well-established that actions by journalists in publishing a newspaper article do not constitute the requisite 'state action' to support state action claims" (quotation

---

[5] In pertinent part, 42 U.S.C. § 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

omitted)), *aff'd*, No. 24-1066-cv, 2025 WL 880407 (2d Cir. Mar. 21, 2025).  Because Plaintiff has not plausibly alleged that Defendants ABC News, Daily News, and CBS acted under color of state law, the Second Claim is dismissed for failure to state a claim upon which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii); 28 U.S.C. § 1915A(b)(1).

The First Claim also must be dismissed because Defendants NYC Police Department, Crossroads Juvenile Center, and Board of Corrections are not suable entities.  *See Emerson v. City of N.Y.*, 740 F. Supp. 2d 385, 395-96 (S.D.N.Y. 2010) (noting that "a plaintiff is generally prohibited from suing a municipal agency" and that "[i]nstead, the City is generally the proper defendant when a plaintiff seeks to bring an action pursuant to the official acts and/or inaction of an agency of the City" and citing *Ximines v. George Wingate High Sch.*, 516 F.3d 156, 160 (2d Cir. 2008) and N.Y. City Charter, ch. 17 § 396); *El Dey v. Bd. of Corr.*, No. 22-CV-02600, 2022 WL 2237471, at *6 (S.D.N.Y. June 22, 2022) (noting that New York City Board of Correction, as an agency of the City of New York, is not an entity that may be sued); *Antonetti v. City of N.Y.*, No. 20-CV-05109, 2022 WL 1105172, at *2 (E.D.N.Y. Apr. 13, 2022) (noting that a New York Police Department precinct cannot sue or be sued); *Livingston v. City of N.Y.*, 563 F. Supp. 3d 201, 232 (S.D.N.Y. 2021) (noting that Crossroads Juvenile Center is a facility operated by the New York City Administration for Children's Services and that "neither is a suable entity").  Because Defendants NYC Police Department, Crossroads Juvenile Center, and Board of Corrections are not suable entities, the First Claim is dismissed for failure to state a claim upon which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii); 28 U.S.C. § 1915A(b)(1).

\* \* \*

In light of Plaintiff's *pro se* status and out of an abundance of caution, the Court grants Plaintiff leave to file an Amended Complaint by **June 23, 2025**.  *See, e.g.*, *Banks v. Schumer*,

No. 15-CV-01078, 2015 WL 1928795, at *1 (E.D.N.Y. Apr. 28, 2015) (citing *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795-96 (2d Cir. 1999)). To the extent that Plaintiff files an Amended Complaint alleging Section 1983 claims, such Amended Complaint must, *inter alia*, sufficiently allege action *under color of state law*. Plaintiff is advised that any Amended Complaint will replace entirely the current Complaint. Thus, any fact included in the current Complaint that Plaintiff seeks to have the Court consider when reviewing the Amended Complaint must also be contained in the Amended Complaint. The Amended Complaint must be captioned "AMENDED COMPLAINT" and bear the same docket number as this Order: 25-CV-01050.

## CONCLUSION

Plaintiff's Motion for Leave to Proceed *in forma pauperis*, ECF No. 2, is granted.

For the reasons set forth above, the Complaint, ECF No. 1, is dismissed in its entirety. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); 28 U.S.C. § 1915A(b)(1).

Plaintiff is granted leave to file an Amended Complaint by **June 23, 2025**. If Plaintiff fails to file an Amended Complaint by **June 23, 2025**, judgment dismissing this action shall be entered.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore denies *in forma pauperis* status for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail a copy of this Order to Plaintiff.

SO ORDERED.

                                          */s/ Diane Gujarati*
                                          DIANE GUJARATI
                                          United States District Judge

Dated:  June 2, 2025
         Brooklyn, New York

Case 1:25-cv-01050-DG-CLP    Document 8    Filed 06/02/25    Page 8 of 8 PageID #: 11